UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CYNTHIA A. NUZZO,

                         **MEMORANDUM AND ORDER**
        Plaintiff,                12-CV-2373 (FB)

  -against-

CAROLYN W. COLVIN,
 Acting Commissioner of Social Security,

               Defendant.
-------------------------------------------------------------x

*Appearances:*                                             *For the Defendant:*
*For the Plaintiff:*                           LORETTA E. LYNCH, ESQ.
CHARLES E. BINDER, ESQ.            United States Attorney
Law Offices of Harry J. Binder and    CANDACE SCOTT APPLETON, ESQ.
Charles E. Binder, P.C.                     Assistant United States Attorney
60 East 42nd Street, Suite 520          Eastern District of New York
New York, NY 10165                      271 Cadman Plaza East
                                                Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

       Plaintiff Cynthia Nuzzo ("Nuzzo"), whose appeal challenging a denial of benefits was remanded for further proceedings before the Social Security Administration, moves for an award of attorney fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d)(1)(A). ("EAJA"). She requests $5,360.26 in fees based on 28.2 hours of counsel's time expended primarily during 2012. The Commissioner of Social Security ("Commissioner") opposes the award and argues that the fees are unreasonable because the majority of work was performed after Nuzzo rejected the Commissioner's offer to stipulate to a voluntary remand for further proceedings.

I

       Nuzzo filed her case in this Court in May 2012. In September, the Commissioner

offered Nuzzo a remand for further proceedings before any substantive work was done on her case. At that point, plaintiff's counsel had completed only 1.3 hours of work in connection with drafting and filing the federal court complaint. The Commissioner's remand offer was extensive, and required, *inter alia,* (1) a new hearing, (2) consolidation of her appeals claim with another social security claim that Nuzzo had filed, (3) a commitment by the agency to further develop and update evidence, (4) a determination of new RFC findings in light of additional evidence, and (5) additional evaluation of objective medical evidence. Nuzzo rejected the Commissioner's offer because it did not include provisions to guarantee reassignment to a different ALJ and the imposition of a 120-day limit. Thereafter, counsel spent 26.9 additional hours litigating the matter with additional federal court motion practice, but did not seek the reassignment or the 120-day limit. In June 2013, the Court granted the Commissioner's motion to remand for further proceedings and denied Nuzzo's motion to remand for calculation of benefits.

Nuzzo argues that, as a prevailing party, "[b]ecause the Commissioner's position was not substantially justified, [she] is entitled to an award of attorney fees." Pl.'s Mem. in Support of Motion for Atty. Fees, at 4. But Nuzzo fails to remember that the district court, even when analyzing a request of a prevailing party, must also determine what is reasonable. *See Commissioner, INS v. Jean,* 496 U.S. 154, 160-61 (1990) ("It remains for the district court to determine what fee is reasonable," and the "task of determining what fee is reasonable is essentially the same as that described in *Hensley*.") (citing *Hensley v. Eckerhart*, 461 U.S. 424, (1983)) (internal citations and quotations omitted). Reasonableness determinations take into

2

account various considerations, "including the important factor of the 'results obtained.'" *Hensley,* 461 U.S. at 434. "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though [s]he succeeded on only some of h[er] claims for relief." *Id.*

## II

The Court agrees with the Commissioner that protracted litigation was unnecessary and unreasonable. The Commissioner's original stipulation offer was appropriate and thoroughly supported by objective medical evidence and well-established law. Even though Nuzzo is, for EAJA purposes, a prevailing party, the "important factor of the 'results obtained,'" weighs heavily because the final outcome was no better than the Commissioner's remand offer. *Hensley,* 461 U.S. at 434.

However, attorney fees should not be denied for *all* work completed after the September 2012 remand offer. Rather, counsel's billing log shows that through October 13, 2012, the work included a review of the entire transcript and medical research, as well as outlining arguments.[1] Even experienced litigators in this area would need time to review the administrative record in depth in order to realize that remand for further proceedings was the obvious and necessary disposition of Nuzzo's case. It is only after this point that awarding fees would be unreasonable. *See Aston v. Sec'y of Health and Human Svcs.,* 808 F.2d 9, 11 (2d Cir. 1986) (explaining that a "district court has broad discretion" in determining what is reasonable when awarding EAJA attorney fees).

Accordingly, the fees are reduced to an award of 14.5 hours, which includes 1.3 hours

---

[1] Counsel's records show 10/13/2013, but the typographical error in the year is evident in light of the full record: plaintiff's memorandum was filed in 2012.

related to drafting and filing the complaint and 13.2 for additional review of the record through October 13, 2012. Even in light of the Second Circuit's opinion in *Vincent v. Commissioner of Social Security*, 651 F.3d 299 (2d Cir. 2011), this reduction is reasonable. In *Vincent*, the Second Circuit reversed the district court's fee reduction because it was based on the erroneous reasoning that counsel failed to further develop the administrative record. *See* 651 F.3d at 305. That responsibility rests solely with the ALJ. *Id.* Unlike *Vincent*, Nuzzo's counsel pursued litigation that had no chance of resulting in a remand for calculation of benefits. And unlike cases where courts have awarded EAJA fees for work done opposing a remand offer, in those cases the Commissioner's offer came *after* work was completed or substantially started, not before, as with Nuzzo. *See, e.g., Harris v. Astrue,* 701 F. Supp. 2d 410, 413 ("offer of remand came after the action was commenced, months after Defendant's answer was filed, after Plaintiff's summary judgment papers had been prepared and sent to defense counsel on an informal basis, and after counsel had expended more than 25 hours prosecuting th[e] action").

Finally, the adjusted hourly rate Nuzzo utilizes in her motion is incorrect. In the Second Circuit, various methods for calculating an adjusted cost of living increase over the EAJA statutory base rate of $125 are allowed by 28 U.S.C. § 2412(d)(2)(A). *See also Harris v. Sullivan,* 968 F.2d 263 (2d Cir. 1992). Courts in this district generally use the Bureau of Labor Statistics' annualized CPI-U data for the New York-Northern New Jersey-Long Island area. Applying the increase in the base EAJA rate from March 1996, with an index of 166.5, to the 2012 ending index of 252.588, results in a multiplier of 1.517, for a final adjusted hourly rate of $189.63. This accords with the Commissioner's calculations and results in an award of fees

4

totaling $2,749.64 for 14.5 hours of work.

### III

For the foregoing reasons, plaintiff's motion for fees under the EAJA is granted in the reduced amount of $2,749.64, and costs in the amount of $350, for a total of $3,099.64.[2]

**SO ORDERED.**

/s/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 14, 2013

---

[2] The Commissioner does not dispute the award of costs.